***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson, including the deposition testimony of Dr. Steven A. Siciliano, Dr. Kern Carlton and Dr. Jeffrey Ewert, and the briefs and oral arguments before the Full Commission. The appealing parties have not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except for modifications set forth herein. Accordingly, the Full Commission modifies and affirms the Opinion and Award of Deputy Commissioner Theresa B. Stephenson.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and following in a Pre-Trial Agreement admitted into evidence as Stipulated Exhibit #1 as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On August 14, 1995, an employment relationship existed between the employee and defendant-employer.
3. On August 14, 1995, Zenith Insurance Company was the carrier at risk.
4. The parties stipulated plaintiff's average weekly wage on August 14, 1995 was $360.00, yielding a compensation rate of $240.01 per week.
5. The following Industrial Commission Forms are admitted into evidence as Stipulated Exhibit #2: Forms 28U, 33 dated 20 March 2000, 33R dated 15 June 2000, and 44.
6. Stipulated Exhibit #3 includes the Opinion and Award by Commissioner Thomas J. Bolch, filed January 14, 1999, transcript of the March 19, 1997 hearing before the Deputy Commissioner and medical depositions taken with respect to that hearing before the Deputy Commissioner.
7. The July 11, 2000 Industrial Commission Order filed by special Deputy Commissioner Gina Cammarano is admitted into evidence as Stipulated Exhibit #4.
8. Plaintiff's medicals regarding this claim are admitted into evidence as Stipulated Exhibit #5.
9. The issues to be determined by the hearing before the Deputy Commissioner are whether plaintiff is entitled to further benefits as a result of his compensable injury; and, if so, in what amount.
 *********** RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of Dr. Jeffrey Ewert and Dr. T. Kern Carlton, III, are ruled upon in accordance with the applicable provision of the law and the Opinion and Award in this case.
 ***********
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On August 14, 1999, plaintiff, then 47 years old, was employed by defendant-employer as a crankshaft grinder. On that date, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when a piece of metal weighing ten to eighteen pounds flew out of the machine and struck plaintiff in the face.
2. Defendants accepted compensability for this injury by accident, and plaintiff received temporary total disability from August 22, 1995 through September 11, 1995. Plaintiff did not miss more than twenty-one (21) days of work as a result of the injury.
3. As a result of plaintiff's August 14, 1995 compensable injury, he sustained an orbital rim fracture and a laceration to the left side of his cheek. This laceration resulted in a scar for which plaintiff received $1,500.00 for disfigurement compensation pursuant to the Full Commission Opinion and Award by Commissioner Thomas J. Bolch, filed January 14, 1999.
4. Following plaintiff's compensable injury, he received treatment for an orbital nerve injury from Dr. Larry Boyles, a neurologist and Dr. Steven Siciliano, a plastic surgeon. The physicians also treated plaintiff for headaches. This particular treatment occurred prior to the previous hearing before Deputy Commissioner William Bost on March 19, 1997, and the Opinion filed by former Deputy Commissioner Bost on May 29, 1998.
5. The issues involved in the hearing before former Deputy Commissioner Bost were average weekly wage, permanent partial disability and safety penalty. The two parties submitted different but similar Pre-Trial Agreements.
6. Plaintiff appealed former Deputy Commissioner Bost's Opinion and Award. The basis of the appeal per the I.C. Form 44 was as follows:
"1. The Deputy Commissioner awarded inadequate compensation ($1,500.00) for the employee's facial disfigurement (Award No. 1).
2. The Deputy Commissioner erred in failing to award compensation for facial numbness and nerve damage (Findings 9 and10).
3. The Deputy Commissioner erred in failing to order evaluation by a head injury specialist as requested by the employee (in addition to Baptist Hospital Pain Control which was ordered).
4. The Deputy Commissioner erred in failing to award a ten percent (10%) safety penalty under N.C. Gen. Stat. § 97-12 (Finding No. 16).
5. The Deputy Commissioner erred in failing to order temporary total compensation pursuant to June 27, 1997 Form28U signed by Dr. Boyles, the treating physician.
6. The Deputy Commissioner erred in failing to sanction defendants for not providing a wage chart."
7. By Opinion and Award filed in January 14, 1999, the Full Commission determined plaintiff was not at maximum medical improvement and was in need of further treatment, specifically by N.C. Baptist Hospital. The Full Commission further affirmed the $1,500.00 award for facial disfigurement and awarded "plaintiff a ten percent (10%) safety penalty on all compensation heretofore or hereafter paid to plaintiff by reason of this compensable injury." The Full Commission did not award any amount for nerve damage or facial numbness inasmuch as plaintiff was not at maximum medical improvement at that time and inasmuch as his physician had testified at that time that the nerve was likely to regenerate.
8. Plaintiff has received follow-up treatment and evaluation for facial numbness and headaches. Among other things, plaintiff had tried anti-convulsants and a series of sympathetic ganglion blocks. The blocks provided some temporary pain relief, and plaintiff controls some pain and depression with regular doses of oxycontin. Although the physician had testified prior to the first Full Commission Opinion and Award in this case that he believed the inferior orbital nerve would regenerate, Dr. Steven Siciliano, the employee's plastic surgeon, testified on deposition after the hearing by Deputy Commissioner Stephenson, and the Full Commission finds as fact, that such regeneration did not occur and that plaintiff had 100% loss of the inferior orbital nerve which was crushed by the block of steel. This nerve damage has resulted in permanent numbness left of the employee's nose all around his eye including part of forehead, plus numbness in his gums and roof of his mouth. The reasonable compensation for this severed nerve is $5,000.00.
9. Plaintiff has also experienced cognitive difficulties following the compensable injury. Although back at work, plaintiff continues to exhibit memory problems and difficulties concentrating. Plaintiff has regular nightmares of being hit in the face. Plaintiff is depressed, has a lack of interest for any activities, is socially recluse, has mood swings and has lack of sexual interest. Plaintiff has difficulty with fine motor skills and tactile perception.
10. As a result of plaintiff's compensable injury, plaintiff suffered from permanent damage to an important internal organ, i.e., his brain. This damage has affected his attention and memory, resulting in headaches and ultimately resulting in severe depression. The reasonable compensation for the damage to the brain is $16,000.00.
11. As a result of his compensable injury plaintiff is in need of further neuropsychological treatment and evaluations and is likely to require medical treatment for the remainder of his life. Plaintiff has been diagnosed with sexual dysfunction and is in need of further medical consultation to determine whether or not his sexual dysfunction is related to his compensable injuries.
12. Plaintiff has been compensated for the disfigurement to his face. However, plaintiff has not been compensated for the damage to his orbital nerve resulting from the compensable injury. Nor has the plaintiff been compensated for the compensable injury to his brain. The disfigurement to his face, the damage to his orbital nerve, and the damage to his brain each involve separate body parts. Separate compensation for each is proper under the Workers' Compensation Act and does not work a double or multiple recovery.
13. There is insufficient evidence of record to determine whether plaintiff's problem with a drooping eyelid was caused by his compensable injuries.
 ***********
Based upon the foregoing findings of fact the Full Commission reaches the following additional:
 CONCLUSIONS OF LAW
1. On August 14, 1995, plaintiff sustained compensable injuries arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of these compensable injuries, plaintiff was previously awarded $1,500.00 for facial disfigurement pursuant to the January 14, 1999 Opinion and Award by the Full Commission. N.C. Gen. Stat. §97-31(21).
3. As a result of these compensable injuries, plaintiff sustained a permanent injury to an important external or internal organ or part of the body for which no other compensation is payable under the provisions of N.C. Gen. Stat. § 97-31 (1-23 seq.) to wit: closed head injury to plaintiff's brain entitling him to compensation in the amount of $16,000.00. N.C. Gen. Stat. § 97-31 (24).
4. As a result of these compensable injuries, plaintiff sustained a permanent injury to an important external or internal organ or part of the body for which no other compensation is payable under the provisions of N.C. Gen. Stat. § 97-31 (1-23 seq.) to wit: severance to the inferior orbital nerve entitling him to compensation in the amount of $5,000.00. N.C. Gen. Stat. § 97-31 (24).
5. Plaintiff is entitled to a ten percent (10%) safety penalty on all compensation heretofore or hereafter paid plaintiff by reason of this compensable injury. N.C. Gen. Stat. § 97-12.
6. For the remainder of his life, plaintiff is entitled to have defendants provide all medical treatment arising out of plaintiff's compensable injuries to the extent it tends to effect a cure, give relief or lessen plaintiff's period of disability. Plaintiff is also entitled to medical consultation to determine whether his sexual dysfunction is related to his compensable injuries. N.C. Gen. Stat. § 97-25 and N.C. Gen. Stat. § 97-25.1.
7. There was insufficient evidence of record to prove that plaintiff's left eyelid drooping at about 80% closed, although it was not present before the injury and was present after the injury, was a direct result of the compensable injury and therefore is found by the Full Commission not to be compensable.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Defendants shall pay to plaintiff in a lump sum for permanent injury to the brain, an important internal organ, $16,000.00, and shall pay to plaintiff in a lump sum for permanent injury to the inferior orbital nerve, $5,000.00, subject to an attorney's fee herein approved.
2. Defendants shall pay in a lump sum a ten percent (10%) safety penalty in the amount of $2,100.00 subject to an attorney's fee herein approved.
3. Defendants shall pay all medical expenses (past, present and future) incurred by plaintiff as a result of his compensable injuries. The need for medical treatment for such compensable injuries is likely to last the remainder of plaintiff's life.
4. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due plaintiff in paragraphs 1 and 2 of this AWARD is hereby approved. Defendants shall deduct such fee from sums otherwise payable to plaintiff and shall pay such fee directly to plaintiff's counsel.
5. Defendants shall pay for medical consultations to determine whether plaintiff's sexual dysfunction was caused by his compensable injuries.
6. Plaintiff has not proved that his eyelid drooping was caused by his compensable injuries; therefore, this Opinion and Award grants no compensation for his drooping eyelid.
7. Defendants shall pay the costs.
This 17th day of January 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER